**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION**

| | | |
|---|---|---|
| **ANTONIO CABALLERO,**<br>     **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No.** |
| | ) | **DR-23-CV-00047-AM-MHW** |
| **ALLSTATE VEHICLE AND** | ) | |
| **PROPERTY INSURANCE COMPANY,** | ) | |
|     **Defendant.** | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

TO THE HONORABLE ALIA MOSES, CHIEF UNITED STATES DISTRICT JUDGE:

The Court referred the above-captioned matter to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b).  Defendant Allstate Vehicle and Property Insurance Company ("Allstate") filed a Motion for Summary Judgment on November 29, 2023, and a Motion for Hearing to argue its Motion for Summary Judgment.  (Mot. for Summary J., ECF No. 15; Mot. for Hearing, ECF No. 18.)  The Plaintiff responded to the Allstate's Motion by filing a Motion to Compel Appraisal.  (Mot. to Compel Appraisal, ECF No. 19.)  For the following reasons, it is recommended that the Defendant's Motion for Summary Judgment [ECF No. 15] be **GRANTED**, the Defendant's Motion for Hearing [ECF No. 18] be **DENIED**, and the Plaintiff's Motion to Compel Appraisal [ECF No. 19] be **DENIED.**

### I.  BACKGROUND

After sustaining property damage in a hailstorm, the Plaintiff filed an Original Petition in Texas state court on August 21, 2023, alleging damages in excess of $200,000.00.  (Pl.'s Original Pet., ECF No. 1-3, at 8–9.)  In his Petition, the Plaintiff asserted the following claims: (1) violations of Texas Insurance Code Sections 541 and 542, (2) violations of the Texas Deceptive Trade Practices Act, (3) breach of contract, (4) breach of the duty of good faith and

fair dealing, and (5) common law fraud.  (*Id.* at 13–17.)  After being served on August 25, 2023, Allstate removed the matter to this Court on September 25, 2023, based on diversity jurisdiction. (Service of Process, ECF No. 1-3, at 1; Notice of Removal, ECF No. 1.)

As stated above, Allstate filed a Motion for Summary Judgment on November 29, 2023, and a Motion for Hearing to argue its Motion for Summary Judgment.  (Def.'s Mot. for Summary J., ECF No. 15; Pl.'s Mot. for Hearing, ECF No. 18.)  The Plaintiff responded to the Allstate's Motion by filing a Motion to Compel Arbitration.  (Mot. to Compel Appraisal, ECF No. 19.)  The Defendant responded to the Plaintiff's Motion, and the Plaintiff replied to the Response.  (Allstate's Resp., ECF No. 20; Pl.'s Reply, ECF No. 21.)  The undersigned then ordered the Plaintiff to respond to the merits of Allstate's Motion for Summary Judgment. (Order, ECF No. 22.)  The Plaintiff did so, and Allstate filed a Reply to the Response.  (Pl.'s Resp., ECF No. 23; Allstate's Reply, ECF No. 24.)  Therefore, all pending motions are ripe for review.

## II.  DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *accord Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010) (quotation omitted).

> When a party seeks summary judgment pursuant to an affirmative defense, such as a statute of limitation, the movant must establish all of the elements of the defense. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). If the movant does so, the burden shifts to the nonmovant to provide specific facts showing the existence of a genuine issue for trial. Fed. R. Civ. P. 56(c), (e). In reviewing summary judgment, "[w]e construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (citation and internal quotation marks omitted).

*Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011); *see also, Silo Rest. Inc. v. Allied Prop. & Cas. Ins. Co.*, 420 F. Supp. 3d 562, 572 (W.D. Tex. 2019).

> Once the movant has carried the burden to establish that "claims are time-barred as a matter of law," the burden shifts to the non-movant to establish a genuine dispute of material fact on the timeliness of asserted claims. *Dommert v. Raymond James Fin. Servs., Inc.*, No. 1:06-CV-102, 2009 U.S. Dist. LEXIS 8006, 2009 WL 275440, at *8 (E.D. Tex. Feb. 3, 2009) (adopting recommendation of Mag. J.). With this shifting burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Heinsohn*, 832 F.3d at 234 (citation omitted).

*Silo Rest. Inc.*, 420 F. Supp. 3d at 572.

### A.   Facts Appearing in the Summary Judgment Record

The Parties do not greatly dispute the facts underlying this matter. The Plaintiff filed a claim with the Defendant after a hailstorm damaged his home on December 13, 2018. (Ex. A to Def.'s Mot., ECF No. 15, at 1; Ex. A-1 to Pl.'s Mot., ECF No. 19, at 1.) The Defendant denied the Plaintiff's claim via letter on October 11, 2019. (Ex. A to Def.'s Mot. at 1–3.) After the Plaintiff initiated this suit and the Defendant filed its Motion for Summary Judgment, the Plaintiff invoked appraisal rights under the insurance policy. The Defendant alleges the invocation occurred when the Plaintiff filed its Motion to Compel Appraisal. (Def.'s Reply at 4.) The Plaintiff, however, alleges that he, through his attorney, invoked the provision on December 1, 2023. (Ex. A. to Pl.'s Mot. at 1.) Taking the evidence in the light most favorable to the Plaintiff, the Plaintiff invoked the provision on December 1, 2023.

### B.   Governing Law and Application to Summary Judgment Evidence

#### i.   Statute of Limitations

Because this Court is sitting in diversity, Texas state law regarding the statute of limitations controls. *Ryan v. Phillips 66*, 838 F. App'x 832, 835 (5th Cir. 2020) (per curiam).

**Breach of Contract**

The statute of limitations for a breach of contract claim in Texas is four years from the date of accrual. *Citigroup Inc.*, 649 F.3d at 373 (citing Tex. Civ. Prac. & Rem. Code § 16.051). However, parties may contractually modify the limitations period. *Spicewood Summit Office Condos. Ass'n v. Am. First Lloyd's Ins. Co.*, 287 S.W.3d 461, 464 (Tex.App.—Austin 2009, pet. denied). Courts enforce such modifications if the contractual limitations period is not shorter than two years. *Id.* at 464–65 (citing Tex. Civ. Prac. & Rem. Code 16.070(a)); *Smith v. Travelers Cas. Ins. Co. of Am.*, 932 F.3d 302, 311 (5th Cir. 2019). Accordingly, courts enforce and apply contractual language providing for a limitations period of two years and one day. *See e.g., Silo Rest. Inc.*, 420 F. Supp. 3d at 573; *Ehrig v. Germania Farm Mut. Ins. Ass'n.*, 84 S.W.3d 320, 321 n.1 (Tex.App.—Corpus Chrisi 2002, pet. denied). Here, the Policy reads "No one may bring an action against us in any way related to the existence or amount of coverage, or the amount of loss for which overage is sought . . . unless . . . the action is commenced within two years and one day from the date the cause of action first accrues  . . . ." (Texas Amendatory Endorsement, Ex. B to Def.'s Mot., at 2.)  Therefore, the Plaintiff's breach of contract claim is subject to a limitations period of two years and one day.

The Plaintiff's breach of contract claim is barred by the policy's limitation's provision. "A claim for breach of an insurance contract accrues and limitations begins to run on the date coverage is denied." *Citigroup Inc.*, 649 F.3d at 373 (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828–29 (Tex. 1990)). Here, the Defendant denied the Plaintiff's claim on October 11, 2019. (Ex. 1 to Def.'s Mot. at 1–3.) The Plaintiff filed this suit on September 25, 2023, in excess of two years and one day from the denial. Therefore, the limitations period bars this claim.

The Plaintiff argues that this claim did not accrue until the Defendant refused to participate in appraisal in December of 2023.  (Pl.'s Resp. at 1.)  However, the Plaintiff's suit pertains to an alleged breach of the insurance contract based on the denial of his claims.  The Plaintiff has cited no authority, nor is the undersigned aware of any such authority, holding that a claim for breach of contract based on a wrongful denial accrues when the Defendant refuses to participate in appraisal.  Further, even if the Plaintiff's argument had legal support, it is illogical—the Plaintiff's claims would have accrued *after* he filed this present lawsuit based on those claims.  Therefore, this argument fails.

### Texas Insurance Code

Claims under Chapter 541 of the Texas Insurance Code are subject to a two-year statute of limitations.  Tex. Ins. Code § 541.162.  Claims under Chapter 542, however, are subject to the contractual limitations period within the Policy.  With no guidance from the Fifth Circuit or statutory text on this issue, the U.S. District Courts in Texas have reached varied conclusions on the applicable limitations period for Chapter 542 claims.  *Hookham v. Penn*, No. 6:16-cv-316, 2016 U.S. Dist. LEXIS 186528, at *7 (W.D. Tex., Nov. 22, 2016), *adopted by* 2016 U.S. Dist. LEXIS 186527 (W.D. Tex., Dec. 14, 2016).  However, the majority of courts have found that, when there is no applicable policy provision, Chapter 542 claims are subject to the default four-year statute of limitations for breach of contract claims because it is "a contract-based remedy" and the Texas Legislature did not specifically provide for a two-year limitations period like it did in Chapter 541.  *See e.g., Silo Rest. Inc.,* 420 F. Supp. 3d at 573; *Hookham*, 2016 U.S. Dist. LEXIS 186528 at *10–11; *Patriot Logistics v. Travelers Prop. & Cas. Co. of Am.*, No. 4:20-CV-03565, 2022 U.S. Dist. LEXIS 122600, at *9 (S.D. Tex., July 12, 2022).  Furthermore, when a valid contractual provision shortens the limitations period for breach of contract claims, the

majority of courts have held that the contractual provision also controls Chapter 542 claims. *See e.g., Silo Rest. Inc.*, 420 F. Supp. 3d at 573; *Patriot Logistics*, 2022 U.S. Dist. LEXIS 122600, at *10–11; *Hames v. Safeco Ins. Co.*, No. 4:20-CV-01167, 2021 U.S. Dist. LEXIS 242601, at *5 (N.D. Tex., Aug. 6, 2021). Therefore, the Plaintiff's Chapter 542 claim is subject to a limitations period of two years and one day, as stated in the policy.

The Plaintiff's claims under the Texas Insurance Code are also untimely. Claims under the Texas Insurance Code accrue on the date of the denial of coverage. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003); *Walker v. Presidium, Inc.*, 296 S.W.3d 687, 695 (Tex.App.—El Paso 2009, no pet.). Again, the Defendant denied the Plaintiff's claim on October 11, 2019, and the Plaintiff did not file suit within two years or two years and one day of that date. Accordingly, these claims are barred by the statute of limitations.

### Texas Deceptive Trade Practices Act (DTPA)

The Plaintiff's DTPA claims are additionally barred by limitations. Claims alleging violations of the DTPA are subject to a two-year statute of limitations. *Provident Life & Accident Ins. Co.*, 128 S.W.3d at 221 (citing Tex. Bus. & Com. Code § 17.565). Causes of action under the DTPA "must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice." Tex. Bus. & Com. Code § 17.565. Often, in insurance cases, the limitations period begins at the time of denial. *Hudspeth v. Enter. Life Ins. Co.*, 358 S.W.3d 373, 387 (Tex.App.—Houston [1st Dist.] 2011, no pet.); *see also Smith*, 932 F.3d at 311. Any misleading or deceptive acts or practices regarding the insurance policy or

claim occurred at the very latest when the Defendant denied the Plaintiff's claim in October of 2019.  Therefore, this claim is untimely.

### Breach of Duty of Good Faith and Fair Dealing

The applicable limitations period also bars this claim.  Claims for breach of the duty of good faith and fair dealing are also subject to a two-year statute of limitations.  *Murray*, 800 S.W.2d at 827 (citing Tex. Civ. Prac. & Rem. Code § 16.003); *De Jongh v. State Farm Lloyds*, 664 F. App'x 405, 407 (5th Cir. 2016) (per curiam) (unpublished).  Claims for breach of the duty of good faith and fair dealing accrue at time of the allegedly wrongful denial of coverage.  *Murray*, 800 S.W.2d at 828; *Smith*, 932 F.3d at 311.   As stated above, the Plaintiff did not bring this claim within two years of the allegedly wrongful denial.  Therefore, the claim is untimely.

### Common-law Fraud

The Plaintiff does not state a claim for fraud; instead, he merely repleads his breach of contract claim.  In his state court Petition, the Plaintiff alleges that:

> Each and every one of the representations concerned material facts for the reason that absent such representations Plaintiff would not have acted as they did.  The Defendant knew the representations were false or made recklessly without any knowledge of their trust as a positive assertion.  The statements were made with the intentions that the Plaintiff would rely on the representations or act on the representations thereby causing injury and constituting fraud.

(Pl.'s Original Pet. at 10.)  In its Motion for Summary Judgment, the Defendant argues that the Plaintiff merely recast his breach of contract claim as a fraud claim to benefit from a longer statute of limitations.  (Def.'s Mot. at 5–7.)  The Plaintiff, however, contends that the fraud claims are "described in detail in the petition—not only in the section of the petition concerning the Plaintiff's fraud cause of action but throughout the petition."  (Pl.'s Resp. at 5.)   In subsections of the Petition regarding other causes of action, the Plaintiff alleges that the "Defendant misrepresented to Plaintiff that the damage to the property was not covered under the

Policy;" "misrepresent[ed] to a claimant a material fact or policy provision relating to coverage at issue;" "mispresent[ed] an insurance policy by making an untrue statement of fact;" "misrepresent[ed] an insurance policy by failing to state a material fact that is necessary to make other statement made not misleading, considering under which the statements were made;" "misrepresent[ed] an insurance policy by making a statement in such manner as to lead a reasonably prudent person to a false conclusion of a material fact;" "represent[ed] that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities, which they do not have;" "represent[ed] that goods or services are of a particular standard, quality, or grade if they are of another;" "represent[ed] that an agreement confers or involves rights, remedies, or obligations, which it does not have or involve or which are prohibited by law;" and "represent[ed] that work or services have been performed on goods when the work or services were not performed." (Pl.'s Original Pet. at 10–16.)

As stated above, the Plaintiff's breach of contract claim and extracontractual claims are subject to a two-year statute of limitations and, therefore, barred. Under Texas law, common-law fraud is governed by a four-year statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.004(a). However, "a plaintiff cannot by artful pleading recast a claim in order to avoid the adverse effect of a statute." *Rodriguez v. Safeco Ins. Co.*, No. SA-18-SV-00851, 2019 U.S. Dist. LEXIS 45345, at \*12 (W.D. Tex., Jan. 7, 2019) (citing *In re Kimball Hill Homes Texas, Inc.*, 969 S.W. 2d 522, 536 (Tex.App.—Houston [14th Dist.] 1998, no pet.) and *Walker v. Con Cap Equities, Inc.*, No. 08-00-00244, 2002 WL 971797, at \*5 (Tex. App.—El Paso May 9, 2002)). "The underlying nature of the claim controls," not the label given by a plaintiff. *Id.* Here, in response to the Defendant's contention that the Plaintiff's live pleading does not include sufficient allegations of fraud, the Plaintiff did not identify any specific misrepresentation or

fraudulent statement by the Defendant but instead relied on its conclusory pleading.  (Pl.'s Resp. at 4–5.)  For example, the section of the complaint labeled "Fraud" merely sets out the elements of common law fraud.  (Pl.'s Original Pet. at 10.)  The remainder of the "allegations" of misrepresentations are mere recitals of examples of statutory violations.  *See* Tex. Bus. & Com. Code § 17.46(b); Tex. Ins. Code § 541.060; Tex. Ins. Code §541.061; (Pl.'s Original Pet. at 8–9.) Within the "Factual Background" section of the Petition, the only allegation relating to a misrepresentation states the "Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence," which the Plaintiff states is a violation of the Texas Insurance Code.  (Pl.'s Original Pet. at 3.)  Statements regarding the post-loss denial of a claim cannot serve as the basis for a fraud claim.  *Rodriguez*, 2019 U.S. Dist. LEXIS 45345, at *13 (citing *Partain v. Mid-Continent Specialty Ins. Services, Inc.*, 838 F. Supp. 2d 547 (S.D. Tex., 2012)).  The allegations, or lack thereof, of misrepresentations by the Defendant make it clear that the Plaintiff is merely reframing his time-barred contractual and extracontractual claims.  Therefore, the Defendant is entitled to summary judgment on the Plaintiff's "fraud" claim.  Rodriguez, 2019 U.S. Dist. LEXIS 45345, at *13–14; *Mgmt v. Amguard Ins. Co.*, No. 1:20-CV-660, 2022 U.S. Dist. LEXIS 99922, at *18 (W.D. Tex., Feb. 28, 2022), *adopted by* 2022 U.S. Dist. LEXIS 99914 (W.D. Tex., March 16, 2022).  Furthermore, the Plaintiff's Petition does not meet the pleading standard for fraud claims as set forth in Federal Rule of Civil Procedure 9(b), the deadline for amending pleadings has expired, and the Plaintiff has not moved to amend its Petition to meet the federal pleading standard.  Fed. R. Civ. Pro. 9(b); *Broussard v. Liberty Mut. Ins.*, No. 23-30561, 2024 U.S. App. LEXIS 5324, at *2 (5th Cir., Mar. 5, 2024) (per curiam) (unpublished).  Therefore, this claim should not survive summary judgment.

### ii.    Appraisal

The Plaintiff's Motion to Compel Appraisal should be denied.  The Policy contains an appraisal provision.    (Texas Amendatory Endorsement, Ex. B to Def.'s Mot., at 1–4.)  Ordinarily, appraisal clauses in Texas insurance contracts are valid and enforceable.  *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011); *Standard Fire Ins. Co. v. Fraiman*, 514 S.W.2d 343, 345 (Tex.App.—Houston [14th Dist.] 1974, no pet.).  The purpose of appraisal is to determine the amount of loss, or damages, not to determine liability stemming from an insurance policy.  *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 132 (Tex. 2019); *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 889–90 (Tex. 2009).  When the amount of damages will not be needed, appraisal is unnecessary and should not be compelled.  *Johnson*, 290 S.W.3d at 895; *Kota Me Patates LLC v. Nationwide Mut. Fire Ins. Co.*, No. 4:23-CV-01573, 2023 U.S. Dist. 232559, at *11 (S.D. Tex., Dec. 21, 2023), *adopted by* 2024 U.S. Dist. LEXIS 4713 (S.D. Tex., Jan. 8, 2024).  Here, as analyzed above, none of the Plaintiff's claims survive the applicable limitations period.  Therefore, the amount of damages is irrelevant, and the Plaintiff's Motion to Compel should be denied.

### iii.    Summary Judgement Hearing

The Court is not required to hold an oral hearing on a motion for summary judgment.  *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 545–46 (5th Cir. 2003); *see also Canadian Standard Ass'n v. P.S. Knight Co., Ltd.*, 649 F. Supp. 3d 334, 341 (W.D. Tex. 2023).  Because the Motion for Summary Judgment can be decided without an oral hearing, the Defendant's Motion for Hearing should be denied.

### III.  CONCLUSION

For the reasons set forth in this report and recommendation, it is **RECOMMENDED** that the Defendant's Motion for Summary Judgment [ECF No. 15] be **GRANTED**, the Defendant's Motion for Hearing [ECF No. 18] be **DENIED**, and the Plaintiff's Motion to Compel Appraisal [ECF No. 19] be **DENIED.**

The Parties may wish to file objections to the above recommendations.  Failure to file written objections to the findings and recommendations contained in this Report and Recommendation within **fourteen (14)** days from the date of its receipt shall bar an aggrieved party from receiving *de novo* review by the District Court of the findings and recommendations contained herein, *see* 28 U.S.C. 636(b)(1)(C), and shall bar an aggrieved party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).  This Report and Recommendation disposes of all issues and controversies referred to the undersigned in this proceeding.  The Clerk shall terminate the referral.

SIGNED this 30th day of May, 2024.

_____
**MATTHEW H. WATTERS**
**UNITED STATES MAGISTRATE JUDGE**