FILED

AUG 29 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                DEPUTY CLERK

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| ANTONIO CABALLERO, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil No. DR-23-CV-00047-AM |
| § | |
| ALLSTATE VEHICLE AND § | |
| PROPERTY INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

## ORDER

Before the Court is the Report and Recommendation of the Honorable Matthew H. Watters, United States Magistrate Judge. (ECF No. 25, hereinafter "R&R".) The Court referred all pretrial matters to Judge Watters under Title 28 U.S.C. § 636 on September 25, 2023. Judge Watters now recommends granting the Defendant's Motion for Summary Judgment [ECF No. 15], denying the Defendant's Motion for Hearing [ECF No. 18], and the denying the Plaintiff's Motion to Compel Appraisal. (ECF No. 19.) No party timely objected.

Upon review, the Court **ADOPTS** the Report and Recommendation and incorporates its findings herein in their entirety, **GRANTS** the Defendant's Motion for Summary Judgment, **DENIES** the Defendant's Motion for a Hearing, and **DENIES** the Plaintiff's Motion to Compel Appraisal.

### I. BACKGROUND

This matter arises from an insurance claim. The Plaintiff alleges hailstorm property damage in excess of $200,000. (R&R at 1.) The Plaintiff filed a claim with the Defendant on December 13, 2018. (*Id.* at 3.) The Defendant denied the Plaintiff's claim on October 11, 2019. (*Id.*) The Plaintiff filed suit in Texas state court on August 21, 2023, asserting:

 (1) violations of Texas Insurance Code Sections 541 and 542,

 (2) violations of the Texas Deceptive Trade Practices Act,

 (3) breach of contract,

 (4) breach of the duty of good faith and fair dealing, and

 (5) common law fraud.

(*Id.* at 1-2.) The Defendant removed the action to this Court on September 25, 2023, based on diversity jurisdiction. (*Id.* at 2.)

The Defendant filed a Motion for Summary Judgment on November 29, 2023. (ECF No. 15.) The Defendant filed a Motion for Hearing to argue its Motion for Summary Judgment on December 4, 2023. (ECF No. 18.) The Plaintiff, in response, filed a Motion to Compel Arbitration on December 14, 2023. (ECF No. 19.) The Defendant responded to the Plaintiff's Motion on December 21, 2023. (ECF No. 20.) The Plaintiff replied to the Response on January 3, 2024. (ECF No. 21.) Judge Watters ordered the Plaintiff to respond to the merits of the Defendant's Motion for Summary Judgment on March 28, 2024. (ECF No. 22.) The Plaintiff filed a Response in opposition to summary judgment on April 11, 2024. (ECF No. 23.) The Defendant filed a Reply to the Response on April 19, 2024. (ECF No. 24.) Judge Watters entered the Report and Recommendation on May 30, 2024. (ECF No. 25.)

## II. STANDARD OF REVIEW

Parties may object to the proposed findings and recommendations of a magistrate judge within fourteen days after service of a report and recommendation. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). No objections to Judge Watters's Report and Recommendation have been filed to date. Accordingly, the Court need not review this matter *de novo*. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996) (*en banc*), *superseded by statute on other*

*grounds*, 28 U.S.C. § 636(b)(1). The Court need only decide whether the Report's proposed findings and recommendations are clearly erroneous or contrary to law. *Id.* at 1429.

### III. ANALYSIS

The Court has reviewed Judge Watters's Report and Recommendation [ECF No. 25] and finds neither clear error nor any proposed finding or conclusion contrary to law. First, the Court can decide the Motion for Summary Judgment without an oral hearing. *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 545-46 (5th Cir. 2003); *see also Can. Standard Ass'n v. P.S. Knight Co., Ltd.*, 649 F. Supp. 3d 334, 341 (W.D. Tex. 2023). The Report and Recommendation correctly concluded that the applicable statute of limitations bars each of the Plaintiff's claims. (R&R at 3-9.) The applicable limitations period for the Plaintiff's breach of contract, Texas Insurance Code, Texas Deceptive Trade Practices Act, and breach of duty of good faith and fair dealing claims were at most two years and one day. (*Id.* at 3-7.) More than two years and one day elapsed between the Defendant's denial of the Plaintiff's claim on October 11, 2019 and the Plaintiff's filing suit on August 21, 2023. The Report and Recommendation correctly construed the Plaintiff's purported common-law fraud claim as an attempt to replead his time-barred breach-of-contract claim. (R&R at 7-9.)

In addition, appraisal is unnecessary and should not be compelled when the amount of damages will not be needed. *See Kota Me Patates LLC v. Nationwide Mut. Fire Ins. Co.*, No. 4:23-CV-01573, 2023 U.S. Dist. 232559, at *11 (S.D. Tex., Dec. 21, 2023) ("appraisal is pointless when . . . the loss is not covered") (citing *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 889-90 (Tex. 2009), *adopted by* 2024 U.S. Dist. LEXIS 4713 (S.D. Tex., Jan. 8, 2024)). The Report and Recommendation therefore also correctly determined that appraisal is unnecessary

3

because the Plaintiff's claims do not survive summary judgment. (*Id.* at 10.) The Court accordingly denies the Plaintiff's Motion to Compel Appraisal as well.

## IV. CONCLUSION

Accordingly, the Court **ADOPTS** the Report and Recommendation. (ECF No. 25.) The Court **GRANTS** the Defendant's Motion for Summary Judgment [ECF No. 15], **DENIES** the Defendant's Motion for a Hearing [ECF No. 18], and **DENIES** the Plaintiff's Motion to Compel Appraisal. (ECF No. 19.)

SIGNED and ENTERED on this 29th day of August, 2024.

_____
ALIA MOSES
Chief United States District Judge